

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00492-CR

Thomas Jay **DUBAR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CR-011078
Honorable Kevin M. O'Connell, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: October 29, 2025

DISMISSED

Appellant Thomas Jay Dubar appeals his conviction for the felony offense of unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. §46.04(e). The record before us reflects that Dubar pled guilty to the offense as a result of a plea agreement. On July 3, 2025, the trial court sentenced Dubar to four years' imprisonment in accordance with the terms of the plea agreement. The trial court signed a certification of Dubar's right of appeal, stating that this "is a plea-bargain case, and the defendant has NO right of appeal."

The Texas Rules of Appellate Procedure provide that "[i]n a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). In this case, the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by Dubar. *See* TEX. R. APP. P. 25.2(a)(2). Further, the clerk's record does not include a written motion filed and ruled upon before trial, nor does it indicate that the trial court gave its permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2)(A)-(B). Finally, Appellant has not identified any statute that expressly authorizes his appeal. *See* TEX. R. APP. P. 25.2(a)(2)(C). The trial court's certification, therefore, accurately reflects that this is a plea-bargain case and that Dubar does not have a right to appeal.

Because we must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record," we issued an order cautioning that this appeal would be dismissed unless an amended trial court certification was made part of the appellate record by October 3, 2025. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*,110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No such amended trial court certification has been filed.

Accordingly, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH